UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60936-CIV-COHN/SELTZER

PHILIP AND DEVRA PULLEY,
individually and on behalf of themselves
and all others similarly situated,

       Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A. and
CHASE BANK USA, N.A.,

       Defendants.
_____/

## ORDER STAYING ACTION

**THIS CAUSE** is before the Court upon the parties' Joint Motion to Stay Action Pending Outcome of Mediation [DE 16] ("Motion to Stay") and the Courtesy Copy of Plaintiffs' Motion to Transfer for Coordinated or Consolidated Pre-Trial Proceedings Pursuant to 28 U.S.C. § 1407 [DE 15] ("Courtesy Copy of Motion to Transfer"). The Court has considered the filings and the record in this case, and is otherwise fully advised in the premises.

In the Motion to Stay, the parties indicate that they have begun mediating this case, and request that the Court stay the action pending the outcome of their mediation. The parties report that "[o]ther lender-placed insurance putative class actions have been filed against Defendants and/or their affiliates in this District and in other Districts throughout the country," Mot. ¶ 5, and "meditation will involve counsel for the parties in the other lender-placed insurance actions against Defendants and will include discovery from Defendants," id. ¶ 6. At this time, the Court finds it unnecessary

to stay this action while the parties mediate.

However, on June 14, 2012, a motion was filed with the Judicial Panel on Multi-District Litigation ("MDL panel") to consolidate the pending lender-placed insurance actions.  Mot. ¶ 14 n.6; see also Courtesy Copy of Motion to Transfer.  As the parties note in their Motion to Stay, two of the other lender-placed insurance actions in the Southern District of Florida have been stayed pending the outcome of the MDL panel's decision.  See Knox v. JPMorgan Chase Bank, N.A., No. 12-cv-21702-CMA, at DE 17; Yogev v. JPMorgan Chase Bank, N.A., No. 12-cv-21988-MGC, at DE 5.  Further, although a stay pending an MDL transfer motion is not automatic, such a stay "can increase efficiency and consistency."  Manual for Complex Litigation § 22.35 (4th ed. 2004); see also Bonenfant v. R.J. Reynolds Tobacco Co., No. 07-60301-CIV, 2007 WL 2409980 (S.D. Fla. July 31, 2007) ("It is common practice for courts to stay an action pending a transfer decision by the JPML.").  Therefore, in accordance with the Knox and Yogev decisions, the undersigned will stay this action pending the outcome of the MDL panel's decision.  Of course, the parties are free to continue their mediation while this case is stayed and while the MDL panel considers the transfer of this action.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Joint Motion to Stay Action Pending Outcome of Mediation [DE 16] is **DENIED**;

2. However, the above-captioned action is **STAYED** pending an MDL panel decision regarding the transfer of this action, or until further order of this Court;

3. Counsel shall immediately forward to this Court any orders from the MDL panel pertaining to this action;

4. The Clerk of the Court shall **CLOSE** this case for administrative purposes;

5. The stay shall be lifted and the case shall be reopened upon motion of either party at an appropriate time or upon the Court's own motion.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of July, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF