UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PHILIP PULLEY, DEBRA PULLEY, JEROME DAVIS, and SUSAN DAVIS, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A. and CHASE BANK USA, N.A.; CHASE INSURANCE AGENCY; JP MORGAN INSURANCE AGENCY; ASSURANT, INC.; AMERICAN SECURITY INSURANCE COMPANY; and VOYAGER INDEMNITY INSURANCE COMPANY.<br><br>Defendants. | CIVIL ACTION NO. 12-cv-60936-JIC |

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS,
AND APPROVAL OF CLASS NOTICE**

Upon consideration of Plaintiffs' Motion for Certification of Settlement Class, Preliminary Approval of Class Action Settlement, and Approval of Class Notice, it is hereby **ORDERED and ADJUDGED** as follows:

1. **Preliminary Approval.** The "Stipulation and Settlement Agreement" (hereafter, the "Settlement Agreement") entered into by and among the Plaintiffs Philip Pulley, Devra Pulley, Jerome Davis, and Susan Davis ("Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and JPMorgan Chase Bank, N.A., Chase Insurance Agency, Inc., and JP Morgan Insurance Agency, Inc. (these settling defendants are the "Chase Defendants") is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Agreement

- 1 -

010312-12 616713 V1

was negotiated at arms-length over several months and provides substantial monetary and injunctive relief.

2. The proposed plan for distribution of monetary relief to the Settlement Class members is approved on a preliminary basis as fair, reasonable, and adequate. The Court appoints the Heffler Claims Group 1515 Market Street, Suite 1700, Philadelphia, PA 19102 as the Settlement Administrator.

3. **Conditional Certification of Settlement Class.** The Court makes the following determinations as to certification of the Settlement Class:

    a. The Court conditionally certifies the following Class ("the Settlement Class"), for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3):

> All persons in the United States that have or had a residential mortgage loan or line of credit serviced by the Chase Defendants and secured by property on which wind insurance was lender-placed at any time between January 1, 2008 and March 4, 2013. Specifically excluded from the Settlement Class are: (a) the Defendants and their respective board members, directors, and officers; and (b) borrowers whose wind lender-placed insurance policy was cancelled in its entirety so that any premiums collected were fully refunded to the borrower.

    b. The Settlement Class is so numerous that joinder of all members is impracticable. There are questions of law or fact common to the members of the Settlement Class. The claims of the Settlement Class representatives are typical of the claims of the Settlement Class. The Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Class.

    c. The Court appoints the Plaintiffs – Philip Pulley, Debra Pulley, Jerome Davis, and Susan Davis – as Settlement Class representatives, who shall represent the Settlement Class for purposes of implementing the Settlement Agreement. The Court appoints the law firm of Meredith & Narine as Settlement Class Counsel.

- 2 -

d.  If the Settlement Agreement terminates pursuant to its terms for any reason, this conditional certification of the Settlement Class for settlement purposes shall be vacated automatically, and this action shall revert to its status immediately before the execution of the Settlement Agreement. In that event, the Parties shall retain all of their objections, arguments, and defenses with respect to class certification.

4.  **Establishment of the Settlement Fund.** A Settlement Fund shall be established in the amount of $4,750,000, which will fund: (a) all Notice and Administrative Costs, including the cost of Notice; (b) all payments to Settlement Class Members; (c) the Case Contribution Awards, if any, to Plaintiffs; and (d) Attorneys' Fees and Expenses, if any, awarded to counsel for Plaintiffs and the Settlement Class. The Settlement Fund will be placed in an account administered by the Settlement Administrator pursuant to an agreement acceptable to the Plaintiffs and the Chase Defendants, with a third party financial institution to be jointly selected by the Settling Parties. Within thirty (30) calendar days of Preliminary Approval of this Settlement, Defendants will wire transfer the sum of four million seven hundred fifty thousand dollars ($4,750,000.00) U.S. dollars into an interest-bearing bank account designated by the Settlement Administrator. Any interest that accrues on the Settlement Fund before the Settlement Fund is distributed shall be retained by the Settlement Fund. Prior to the Effective Date (as established in the Settlement Agreement), all funds in the Settlement Account shall be invested and reinvested in short-term United States Agency or Treasury Securities of a duration to maturity of twelve months or less from the date of purchase.

5.  If the Settlement Agreement is terminated for any reason as provided therein, the balance remaining in the Settlement Fund will be refunded to the Chase Defendants within 10 days. Neither any Plaintiff nor Class Counsel or any Settlement Class Member will have any

010312-12 616713 V1

obligation to repay the Chase Defendants for any amounts that have been paid or incurred under the terms of the Settlement Agreement before it is terminated.

6. **Releases.** If finally approved, the Settlement Agreement will release Defendants from, among other things, all claims, charges, or demands that relate, concern, arise from, or pertain in any way to Chase Defendants' placement of wind insurance during the Class Period, as provided for in Paragraph 10 of the Settlement Agreement

7. **Notice Plan.** The Court approves the Class Notice attached as Exhibit A to the Settlement Agreement. Within 30 days after Preliminary Approval of the Settlement, the Settlement Administrator shall disseminate the Class Notice. The Class Notice shall be sent to each Settlement Class Member at his or her last known address and, if available, to his or her last known email address. In those instances where the Class Notice is returned as undeliverable, the Settlement Administrator will make all reasonable efforts to locate the Settlement Class Member, including trying to contact the Settlement Class Member telephonically. In addition to disseminating the Class Notice, the Settlement Administrator will establish a 1-800 telephone number and launch a website to provide information about the settlement and settlement-related documents.

8. **Opting Out of the Settlement Class.** A Settlement Class Member who wishes to opt out of the Settlement Class must do so in writing. In order to opt out, a Settlement Class Member must complete and send to the Settlement Administrator a request for exclusion that is post-marked no later than the date for requests for exclusion set forth in Paragraph 22 of this Order, which shall be set forth in the Class Notice and on the website. The request for exclusion must set forth the Settlement Class Members name and address, must be personally signed by the Settlement Class Member, and must contain a statement that indicates a desire to be excluded

010312-12 616713 V1

from the Settlement Class in this Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in the *Pulley* Class Action." Mass or class opt outs shall not be allowed.

9. A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to Paragraph 8 of this Order, even if the Settlement Class Member desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Persons (as defined in the Settlement Agreement), or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

10. Except for those Settlement Class Members who timely and properly file a request for exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms, including the Release.

11. If the number of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds six percent (6%) of the total number of Settlement Class Members, the Settling Parties stipulate and agree that Defendants shall have the right to terminate this Agreement without penalty or sanction.

12. **Comments or Objections by Settlement Class Members.** Any Settlement Class Member who does not opt out of the Settlement may object to the Settlement.

13. Any Settlement Class Member who wishes to object to the Settlement must do so in writing. The written objection must be post-marked and filed no later than the date for objections in Paragraph 22 of this Order, which shall be set forth in the Class Notice and on the website, and it must include the caption of this case, be signed, be filed with the Court, and mailed to all of the parties to this case as follows: (1) Class Counsel, Krishna Narine, Meredith

& Narine, 100 South Broad Street, Suite 905, Philadelphia, PA 19110; (2) Counsel for Chase Bank, Robert M. Brochin Morgan, Lewis & Bockius LLP, 200 South Biscayne Boulevard, Suite 5300, Miami, Florida 33131-2339; and (3) Counsel for Assurant, Frank G. Burt, Jorden Burt LLP, 1025 Thomas Jefferson Street, NW, Suite 400 East, Washington DC 20007-5208.

14. The requirements to assert a valid written objection shall be set forth in the Class Notice and on the Settlement Website, and shall include: (a) the name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel; (b) proof of ownership of a property on which wind insurance was lender placed during the class period by Chase Bank or its predecessors, subsidiaries, or affiliates; (c) the basis for the objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Paragraph shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

15. Subject to approval of the Court, any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the date that is set forth in the Class Notice ("Notice Of Intention To Appear"); and (b) serves the Notice Of Intention To Appear on all counsel designated in the Class Notice. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the

objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing. Any Class Member who does not file a Notice of Intention To Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice will be deemed to have waived any objections to the Settlement and shall not be entitled to raise any such objections at the Final Approval Hearing.

16.  **Attorneys' Fees and Expenses, and Case Contribution Awards**. Defendants agree not to oppose an application for the award of Attorneys' Fees and Expenses in this Action not to exceed a total of $1,425,000 (not including expenses), to be paid from the Settlement Fund.

17.  Plaintiffs also intend to seek Case Contribution Awards of $10,000 for the Pulley Plaintiffs and $5,000 for the Davis Plaintiffs from the Settlement Fund for their work and assistance in the litigation, to be paid from the Settlement Fund. Defendants will not oppose these requests.

18.  The grant or denial or allowance or disallowance of the Attorneys' Fees and Expenses and Case Contribution Awards will be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the applications for Attorneys' Fees and Expenses and Case Management Awards, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the finality of Judgment approving the Agreement and the Settlement.

19. The Settlement Administrator shall be authorized to pay from the Settlement Fund notice related and administrative costs as they come due.

20. On **July 26, 2013**, the Settlement Administrator shall disseminate Class Notice.

21. On or before **September 25, 2013**, Plaintiffs' counsel shall file with the Court and serve on the parties their application for the award of Attorneys' Fees and Expenses and requests for Case Contribution Awards.

22. On or before **October 25, 2013**, Settlement Class Members shall: (a) serve on the parties, as required by this Order, any requests for exclusion from this settlement; and (b) file with the Court and serve on the parties, as required by this Order, any objections to this settlement.

23. On or before **November 12, 2013**, Plaintiffs' counsel shall file with the Court and serve on the parties their motion for final approval of the Settlement Agreement.

24. On or before **November 18, 2013**, Plaintiffs' counsel shall cause to be filed with the Clerk of this Court, and served upon counsel for defendants, affidavits or declarations of the person under whose general direction the Notice was disseminated, showing that Notice was disseminated in accordance with this Order.

25. **Final Fairness Hearing.** A hearing is scheduled to be held before the Court on **November 22, 2013**, at **9:00 a.m.**, for the following purposes:

   (a) to finally determine whether to certify the Settlement Class under Fed. R. Civ. P. 23(b)(3);

   (b) to finally determine whether the Settlement Agreement is fair, reasonable, and adequate, and should be approved by the Court;

   (c) to consider whether to approve the application of Settlement Class

Counsel for an award of attorneys' fees and expenses;

(d) to consider whether to approve the application of Settlement Class Counsel for case contribution awards for Settlement Class Representatives; and

(e) to rule upon such other matters as the Court may deem appropriate.

26. The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

DONE and ORDERED in Chambers in Fort Lauderdale, Broward County, Florida, this 26TH day of JUNE, 2013.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Cc: All Counsel of Record