UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:12-60936-Civ-Cohn/Seltzer

| | |
|---|---|
| PHILIP PULLEY, DEVRA PULLEY, JEROME DAVIS, and SUSAN DAVIS, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiff<br><br>        v.<br><br>JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., CHASE INSURANCE AGENCY, JP MORGAN INSURANCE AGENCY, ASSURANT, INC., AMERICAN SECURITY INSURANCE COMPANY and VOYAGER INDEMNITY INSURANCE COMPANY<br><br>                    Defendants | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

After extensive discovery and months of intense negotiation, the parties reached an agreement to settle this litigation for $4,750,000.00 in cash and valuable non-monetary relief. For their work and risk in prosecuting this action, which was done on a wholly contingent basis, and creating this common fund, class counsel seek an award of $1,425,000.00 for attorney's fees and $26,678.00 for costs.[1] The fee sought equals 30% of the monetary payment to the class.

---

[1] Class counsel will separately seek approval of the billings by the approved Claims Administration and awards for class representatives' case contribution awards.

1

> "It is axiomatic that attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval. Fed. R. Civ. P 23(e)" Camden 1 Condo. Ass'n v. Dunkle, 946 F.2d 768, 771 (11th Cir. 1991). The district court presiding over a diversity-based class action pursuant to Fed. R. Civ. P. 23 has equitable power to apply federal common law in determining fee awards…" Allapattah Services, Inc. v. Exxon Corp. 454 F.Supp. 2d 1185 (S.D.Fla. 2006).

Camden, the seminal case in this Circuit, holds that:

> "Attorneys fees from a common fund shall be based upon a reasonable percentage of the fund established for the benefit at the class." Id. at 946 F.2d at 774.

The Camden Court further held that the "bench mark" for common fund awards is 25%[2] which may be adjusted upward[3] based on the twelve "Johnson factors" Johnson v. Georgia Highway Express, Inc. 488 F.2d 714 (5th Cir. 1974). Those factors are:

> (1)The time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability of the case"; (11) the nature and the length of the professional relationship with the client, and (12) awards in similar cases.

Camden at 946 F.2d 774 at fn.3. The Court also recognized that there may be other pertinent factors including non-monetary benefits and the economics involved in prosecuting a class

---

[2] The Camden "bench mark" of 25% was issued in 1991 and thus preceded the subsequent jurisdictional hurdles and increased risks to successful class litigation: See e.g. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); Wal-Mark Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011); and Comcast Corporation v. Behrend, 133 S. Ct. 24 (2012).

[3] As a general rule 50% is the upper limit Id. at 774.

2

action. Id. at 775. As set forth below, consideration of the relevant Johnson factors supports the fee award requested in this case.

> A. **The Contingent Nature of the Fee, the Financial Burden Carried By Class Counsel and the Economics of Prosecuting a Class Action Support a Fee Award Of 30 Percent**

Determination of a fair fee award for class counsel must consider the contingent nature of the fee and outlay of costs by class counsel and the all important fact that the risks of failure and nonpayment in a class action are extremely high.

> "A contingency fee arrangement justifies an increase in the award of attorneys' fees. This rule helps assure that the contingency arrangement endures. If this, 'bonus' methodology did not exist, very few lawyers could [or would] take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risk of recovering nothing.

Pinto v. Princess Cruise Lines, Ltd, 513 F. Supp. 2d 1334, 1340 (S.D.Fla. 2007).[4]

Class counsel look solely to the common fund they established for the award of fees and expenses. No compensation would be available had class counsel not successfully concluded this litigation. Class counsel's investment in time and expense has been at risk and wholly contingent since the inception of this litigation. When this case was commenced the result was not foreseeable and the risks of loss against large well financed corporations and their teams of top attorneys were high. The financial risks borne by class counsel fully support the requested fee award.

---

[4] While there is no "customary fee" in class litigation, the customary fee in most contingent cases ranges from 30 to 40% of the amount recovered, with one-third being particularly common Kirchoff v. Flynn, 786 F.2d 320, 323 (7th Cir. 1986).

3

**B.    The Time and Labor, Novelty of Questions Involved and Requisite Skill to Reach the Result All Support the Requested Fee Award.**

Class counsel seeks an award of fees of $1,425,000.00 or 30% of the common fund that their efforts created.  The time expended by class counsel, as set forth in the attached declarations is 1,433,761.00.[5]  See Declarations attached as Exhibits 1 through 5.  Class counsel also seek reimbursement of costs of $26,678.00.  These costs, which are detailed in their declarations, were expended by class counsel during the course of this litigation and are reasonable in view of the magnitude of the case.  Id.

When this case was filed, the issues were novel and fraught with difficulty and risk.  Aside from the very real possibility of losing to defendant's dispositive motions or failing to certify the class, there were serious and novel issues regarding *inter alia*: wind insurance; contract law and the common law interpretation of contracts in numerous states; Plaintiffs' and each class member's alleged breach of contract for failing to have wind insurance; Federal banking regulations; insurance regulations in numerous states; fiduciary law in numerous states and Fannie Mae regulations.

Further, in addition to significant hurdles to class certification from emerging and changing jurisprudence, there were very real substantive concerns regarding the certification of a nationwide class that includes members who had been foreclosed or subjected to short sales.  Moreover, contributing to the class certification problem, significant portions of Defendants' record keeping of information relevant to class certification is not computerized.

---

[5] Because this petition is submitted prior to the dates for objection, opt-outs, final hearing. and distribution to the class, Class counsel have added an additional $70,000.00 to their lodestar representing their best estimate of the time involved to complete the settlement and subsequent distribution.

### C. The Skill Experience and Reputation of Counsel

Class counsel are all experienced and seasoned litigators in class actions. Drawing on that experience and expertise, Class counsel were able to achieve an excellent result for the class despite the many roadblocks and risk to achieving it. Most notably, despite the necessary review of over 750,000 pages of Defendants' document production, review and analysis of testimony at several insurance commission hearings and other discovery, the case was resolved relatively quickly, with limited motion practice and substantial, meaningful results for the class.

> "An early resolution may demonstrate that the parties and their counsel are well prepared and well aware of the strength and weaknesses of their positions and of the interests to be served by an amicable end to the case". In re Checking Account Overdraft Litigation, 2011 WL 5873389 at *27 (S.D. Fla. Nov. 22, 2011).

### D. The Results Achieved For the Class

The result achieved is perhaps the most important factor in determining the appropriate fee award. Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). The results here fully support the requested fee.

First and most important is the amount of money in the common fund. That amount is $4,750,000.00. It is all cash. All of it will be distributed and not one penny will be returned to Defendants. There are also significant non-monetary benefits to the class. They include new rules for the amount of coverage when wind insurance is force-placed; provisions for Defendants to advance the premiums on existing wind polices rather than let them lapse and thus mitigate the need for force placement; elimination of the amount of wind insurance premium from deficiency judgments or deficiency balances and no commissions for placement of wind insurance.[6]

---

[6] While class counsel believes these non-monetary benefits have substantial value and significantly increase the value of the result achieved, we chose not to burden the class with the expense of an economic analysis.

The $4,750,000.00 settlement represents more than 90% of the compensation JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., Chase Insurance Agency, and JP Morgan Insurance Agency (the "Chase Defendants") received for the force placement of wind insurance.[7] Moreover, the settlement provides for a cash award to be sent to every class member, without requiring him or her to do anything but cash the check.

E.     **The Time and Labor of Class Counsel**

Class counsel have expended over 2,200 hours investigating the allegations, preparing and responding to discovery, reviewing documents and testimony, and negotiating and documenting this settlement.

The combined lodestar of class counsel is $1,433,761.00.[8]  Some courts have conducted a lodestar "cross check" of the fee percentage amount.  In this case the lodestar exceeds the requested fee. By any yardstick, the results would support a significant multiplier, but counsel seek only the fee set forth in the settlement agreement.[9]

F.     **A Fee Award of 30 Percent is Customary in Common Fund Cases**

A fee award of 30 percent of the common fund is reasonable and consistent with other common fund fee awards in this and other circuits.  Pinto at fn. 3, citing Waters v. Int'l Precious Metals Corp., 190 F.3d 1291 (11th Cir.1999) (awarding 33 1/3%); Diaz v. Hillsborough County

---

[7] The evidence showed that the only monies the Chase Defendants received for the force placed wind insurance "scheme" were the commissions of approximately $5,000,000.00.  This was confirmed by an affidavit from defendant, Chase Insurance Agency, Inc. Unlike hazard insurance, there is no reinsurance benefit to the Chase Defendants.

[8] The costs of claims administration and class representatives' case contribution awards will be included in the motion for final approval.

[9] An additional factor used by Courts is the reaction of the Class.  To date, there has been no objection to this proposed settlement.  Because the time for objections does not close until October 25, 2013, this factor will be further addressed at the final hearing on November 22, 2013.

Hosp. Auth., 2000 WL 1682918 (M.D.Fla. Aug.7, 2000) (awarding 30%); Tapken v. Brown, Case No. 90-0691-CIV, 1992 WL 178984, Fed. Sec. L. Rep. P 96805 (S.D.Fla. 1995) (awarding 33%); In re Intl Recovery Corp. Sec. Litig., Case No. 92-1474-CIV (S.D.Fla.1994) (fee award represented 30% of class benefit); In re Sound Advice, Inc. Sec. Litig., Case No. 92-6457 (S.D.Fla.1994) (awarding 30%); Holloway v. Chapnick, Consol. Case No. 89-6572-CIV-Paine (S.D.Fla.1994) (awarding 30%); see also In re:TFT-LCD (Flat Panel) Antitrust Litigation, Case No. M 07-1827 SI, MDL No. 1827 (N.D. Cal. 2013) (awarding 28.5%); Bello v. Integrated Res., Inc., [1990-1991 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 95,731, at 98,471 (S.D.N.Y.1990) (holding that the common range of fees is 20-50 percent); and Howes v. Atkins, 668 F.Supp. 1021 (E.D.Ky.1987) (fee equal to 40% of recovery).

## Conclusion

Class Counsel actively pursued this litigation from its inception.  The firms performed extensive pre-complaint investigation, and after filing the initial complaint, engaged in informal discovery.  Soon after service of the initial complaint, Class Counsel entered in to discussions with plaintiffs' counsel in force placed (also known as "lender placed") hazard and flood insurance cases about joining a proposed mediation.  Class Counsel represented the force placed wind insurance class during the mediation, which led to independent settlement negotiations with defendants.

During the course of this litigation, including the mediation, Class Counsel reviewed over 750,000 pages of documents produced by defendants.  Class Counsel also analyzed materials from the New York and Florida governmental proceedings relating to force placed insurance practices, as well as regulations for force placed insurance and insurance providers in numerous

states including Texas and Florida.  Class Counsel prepared and negotiated document requests to the defendants, and responded to defendants' interrogatories to the class representatives.

After the initial complaint, Class Counsel filed first and second amended complaints, as well as numerous motions, including a motion for class certification with a supporting memorandum.  Most importantly, while litigating this case, class counsel also engaged in months of settlement negotiations, exclusive of the mediation, leading to the proposed settlement currently before the Court.

The results in this case and the benefits both monetary and non-monetary are significant and real.  Class counsel's work and the benefits they created meets and exceeds all of the requisites necessary to support the requested fees and expenses.

                              Respectfully Submitted,

Dated: September 25, 2013          /s/ Krishna B. Narine_____
                                      Krishna B. Narine (admitted pro hac vice)
                                      Joel C. Meredith (admitted pro hac vice)
                                      Meredith & Narine
                                      100 S. Broad St. Suite 905
                                      Philadelphia, PA 19110
                                      Phone: 215-564-5182
                                      Fax: 267-687-1628
                                      knarine@m-npartners.com
                                      jmeredith@m-npartners.com

                                      Alan M. Weisberg, Esq.
                                      Florida Bar No. 479349
                                      Garrett A. Barten, Esq.
                                      Florida Bar No. 55371
                                      Christopher & Weisberg, P.A.
                                      200 East Las Olas Boulevard, Suite 2040
                                      Fort Lauderdale, Florida 33301
                                      Phone: 954.828.1488
                                      Fax: 954.828.9122
                                      aweisberg@cwiplaw.com
                                      gbarten@cwiplaw.com

                                      *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2013, I electronically filed the foregoing Memorandum of Law in Support of Motion for Attorney's Fee and Reimbursement of Expenses with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Alan M. Weisberg
Alan M. Weisberg, Esq.

*Service List*
*Case No: 0:12-cv-60936-JIC*

Robert Mark Brochin
Morgan Lewis & Bockius
200 S Biscayne Blvd Ste 5300
Miami, Florida 33131-2310
Phone: (305) 415-3456
Fax: (305) 415-3001
Email: rbrochin@morganlewis.com
**Counsel for Defendants, JPMorgan Chase Bank and Chase Bank USA, N.A.**
*Via electronic mail*

504324