UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60936-CIV-COHN/SELTZER

PHILIP PULLEY, DEVRA PULLEY, JEROME
DAVIS, and SUSAN DAVIS, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., CHASE
BANK USA, N.A., CHASE INSURANCE
AGENCY, JP MORGAN INSURANCE
AGENCY, ASSURANT, INC., AMERICAN
SECURITY INSURANCE COMPANY, and
VOYAGER INDEMNITY INSURANCE
COMPANY,

    Defendants.
_____/

## FINAL ORDER AND JUDGMENT GRANTING
## APPROVAL TO CLASS ACTION SETTLEMENT

On June 26, 2013, this Court granted preliminary approval to the proposed class action settlement set forth in the Stipulation and Settlement Agreement (the "Settlement Agreement") between Plaintiffs Philip Pulley, Devra Pulley, Jerome Davis, and Susan Davis ("Plaintiffs"), on behalf of themselves and the Settlement Class,[1] and Defendants JPMorgan Chase Bank, N.A., Chase Insurance Agency, Inc., and JP Morgan Insurance Agency, Inc. (collectively, "Chase Defendants").  The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a final approval hearing to take

---

[1] Unless otherwise defined herein, capitalized terms in this Order have the definitions found in the Settlement Agreement.

place on November 22, 2013.  The Court finds that the Class Notice substantially in the form approved by the Court in its June 26, 2013, Preliminary Approval Order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate.

On November 22, 2013, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate, in light of any objections to the Settlement Agreement; (2) whether a judgment should be entered dismissing Plaintiffs' Second Amended Complaint on the merits and with prejudice in favor of all defendants in the action ("Defendants") and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award Attorneys' Fees and Expenses and whether and in what amount to award a Case Contribution Award to the Plaintiffs.

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1.  This Court has personal jurisdiction over all parties to this litigation (the "Litigation"), including all Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction over this Litigation with respect to all claims, to approve the Settlement Agreement, and to enter this Final Order and Judgment.

2.  The Court finds that the Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this Litigation and of the strengths and weaknesses of their respective positions.  The Settlement Agreement was reached after the Chase Defendants and Plaintiffs had

engaged in extensive mediation and after the exchange and production of discovery, including a substantial volume of electronic data.  Counsel for the Settling Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

3. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b) have been satisfied for settlement purposes for each Settlement Class Member, in that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class Members; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately protected the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to other available methods of resolving this controversy.

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in Settlement Agreement, which shall consist of the following:

> All persons in the United States that have or had a residential mortgage loan or line of credit serviced by the Chase Defendants and secured by property on which wind insurance was lender-placed at any time between January 1, 2008 and March 4, 2013.  Specifically excluded from the Settlement Class are: (a) the Defendants and their respective board members, directors, and officers; and (b) borrowers whose wind lender-placed insurance policy was cancelled in its entirety so that any premiums collected were fully refunded to the borrower.

3

5. The Court finally appoints Plaintiffs Philip Pulley, Devra Pulley, Jerome Davis, and Susan Davis as Settlement Class Representatives.

6. The Court finally appoints the law firm of Meredith & Narine as counsel for the Settlement Class ("Settlement Class Counsel").

7. The Court has carefully considered the Settlement Agreement and has evaluated it in light of (a) the likelihood of success at trial; (b) the range of possible recovery; (c) the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; (d) the complexity, expense, and duration of litigation; (e) the substance and amount of opposition to the settlement; and (f) the stage of proceedings at which the settlement was achieved.  See Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984).  Under Fed. R. Civ. P. 23(e), the Court hereby finally approves the Settlement Agreement and finds that the Settlement Agreement is in all respects fair, reasonable, and adequate as to, and in the best interests of, each of the Settling Parties and the Settlement Class Members.  The Settlement Agreement shall be binding on the Plaintiffs and all Settlement Class Members and the Defendants and implemented according to its terms.

8. The Settling Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

9. The Court hereby approves the distribution of funds to the Settlement Class as set forth in the Settlement Agreement.  Class Counsel and the claims administrator are hereby authorized to distribute the fund created by the Settlement Agreement (reduced by the Settlement Administration fees, case contribution awards, attorneys' fees, and expenses awarded by the Court), in accordance with the terms of

the Settlement Agreement. Class Counsel is authorized to exercise reasonable and prudent discretion to develop rules of distribution as necessary to achieve full and final distribution of the Settlement Fund, consistent with the Settlement Agreement.

10. In addition to the amounts paid or owed to the claims administrator under the terms of the Settlement Agreement, the Court authorizes payment to the claims administrator for any work it performs under Paragraphs 5.8 and 5.9 of the Settlement Agreement, which provide for a second mailing if the total of undeliverable and voided (or uncashed) checks exceeds 3% of the net settlement amount. If the claims administrator is required to make such a second mailing, it shall be compensated for that work out of the fund of undeliverable and voided checks, with the remainder of any such fund paid to Habitat for Humanity, under paragraph 5.10 of the Settlement Agreement.

11. The Court finds that the notice given to the Settlement Class, setting forth the principal terms of the Settlement Agreement and related matters, (a) constituted the best and most effective notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable efforts; (b) gave and was reasonably calculated to give adequate notice of these proceedings and of the matters set forth in the notice to all persons entitled to notice, including the right of each Settlement Class Member to object or exclude herself from the proposed Settlement; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (d) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

12. From the Settlement Fund, the Court awards $10,000.00 collectively to Plaintiffs Philip Pulley and Debra Pulley and $5,000.00 collectively to Plaintiffs Jerome Davis and Susan Davis as case contribution awards for their work in assisting Settlement Class Counsel in this Litigation and the Settlement.

13. From the Settlement Fund, the Court awards $ 1,425,000.00 in attorneys' fees to Settlement Class Counsel.

14. From the Settlement Fund, the Court awards $26,678.00 to Settlement Class Counsel for out-of-pocket expenses incurred throughout this Litigation on behalf of Plaintiffs and the Settlement Class.

15. The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on and shall have *res judicata* and preclusive effect in all pending and future lawsuits maintained by the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

16. The Releases, which are set forth in Section 10 of the Settlement Agreement, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment, and the Released Persons (as that term is defined in the Settlement Agreement and including all Defendants in this Litigation) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined in the Settlement Agreement) from all Released Claims (as that term is defined in the Settlement Agreement).

    a. As set forth in the Settlement Agreement, the Releases shall include, but not be limited to, any and all claims related to charges for Chase

Defendants' placement of wind insurance during the Class Period; the amount, duration, and alleged excessiveness of any wind insurance placed by the Chase Defendants during the Class Period; payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any wind insurance policy placed by the Chase Defendants during the Class Period; the disclosure or non-disclosure of any payment, expenses, fees, or feature under any wind insurance policy placed by the Chase Defendants during the Class Period; the receipt or non-disclosure of any benefit under any wind insurance policy placed by the Chase Defendants during the Class Period; the content, manner, or accuracy of any communications regarding the placement of any wind insurance policy by the Chase Defendants during the Class Period; and the regulatory approval or non-approval of any wind insurance policy placed by the Chase Defendants during the Class Period.

   b. As set forth in the Settlement Agreement, the Releases in Paragraph 16(a) of this Final Order and Judgment shall not cover claims arising after the Final Approval of the Settlement, or claims made under any wind insurance policy placed by the Chase Defendants.  Nothing in Paragraph 16(a) of this Final Order and Judgment shall be deemed a release of any Settlement Class Member's respective rights and obligations under the Settlement Agreement.

   c. As set forth in the Settlement Agreement, and without in any way limiting their scope, the Releases described herein and in the Settlement Agreement cover by example and without limitation any and all claims for

7

attorneys' fees, costs, expert fees, consultant fees, interest, litigation fees, or any other fees, costs, and/or disbursements incurred by Class Counsel, or by the Named Plaintiffs, except to the extent otherwise specified in this Final Order and Judgment and the Settlement Agreement.

17. There are no objections to the Settlement Agreement.

18. Within thirty days after the Settlement Fund is fully distributed to Settlement Class Members who have not opted out in a timely fashion, Plaintiffs shall file a report with the Court providing details of the distribution.

19. All Plaintiffs and Settlement Class Members who have not opted out in a timely fashion are permanently barred and enjoined from filing, instituting, participating in, or prosecuting, either directly, representatively, derivatively, or in any other capacity, any other action against the Defendants or the Released Persons asserting any of the Released Claims.

20. Promptly after the Effective Date, all pending claims that have been brought by any Settlement Class Member in any other action and that have been released pursuant to this Final Order and Judgment and the Settlement Agreement shall be dismissed with prejudice.

21. Neither the Settlement Agreement nor the settlement contained therein, nor this Final Order and Judgment, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement, the settlement itself, this Final Order and Judgment, or this Action generally, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of the Defendants, (c) the deficiency of any defense that

has been or could have been asserted by Defendants in this Litigation or in any litigation, or (d) any fault or omission of any of the Defendants, in any civil, criminal, administrative, or other proceeding in any court, administrative agency, or other tribunal.

22. Defendants may file the Settlement Agreement and/or this Final Order and Judgment in any action, regarding any Released Claims, that may be brought against them in order to support a claim, defense, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar, or reduction, or any theory of claim preclusion or issue preclusion or similar defense, counterclaim, or claim.

23. If the Settlement Agreement does not become effective in accordance with its terms, this Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection therewith shall be null and void, to the extent provided by and in accordance with the Settlement Agreement.

24. Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) the disposition of the Settlement Fund; and (c) all parties to the Litigation for the purpose of construing, enforcing, and administering the Settlement Agreement and this Final Order and Judgment.

25. The case is hereby **DISMISSED** on the merits with prejudice as to all Defendants, without costs to any party as against any other party, except as otherwise provided in the Settlement Agreement.  All pending motions are **DENIED as moot**.

26. The Court directs the Clerk of Court to **CLOSE** this case and to enter judgment accordingly.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of November, 2013.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF